UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security<br><br>　　　　Defendant. | 1:12-cv-1270 GSA<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

**INTRODUCTION**

Plaintiff Sarah Hernandez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for Supplemental Security Income payments under Title XVI of the Social Security Act. The matter is pending before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge.[2]

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this action.

[2] The parties consented to the jurisdiction of a United States Magistrate Judge. *See* Docs. 8 & 9.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

**ISSUE PRESENTED FOR REVIEW**

Plaintiff argues that the Commissioner's decision "lacks the requisite support of substantial evidence and is a result of legal error" because "the ALJ impermissibly rejected the treating physician's opinion," i.e., the opinion of Dr. Ashmead Ali. Doc. 17, Pltff.'s Op. Br., at 7. The Commissioner responds that the ALJ properly rejected the opinion of Dr. Ashmead Ali.

**DISCUSSION**

**1. Summary of Administrative Proceedings**

On December 8, 2008, Plaintiff filed a Title XVI application for supplemental security income under the Social Security Act, alleging disability beginning on August 14, 2007. AR 134-136.[3] The Commissioner denied her claim initially on March 5, 2009, and upon reconsideration on August 11, 2009. AR 79-83, 87-91.[4] Subsequently, on September 15, 2010, an administrative law judge ("ALJ") conducted a hearing on Plaintiff's claim. AR 56-76. On November 9, 2010,

---

[3] SSI benefits are payable from the date an application is filed. *See* 20 C.F.R. § 416.335.

[4] Plaintiff previously applied for disability benefits in 2004 and 2007; those applications were both denied. (AR 59, 139).

2

the ALJ found that Plaintiff was not disabled.  AR 35-47.  On June 14, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-7.  Plaintiff then commenced this action in District Court.

**2. Chronological Summary of the Medical Record**

*(i)     Medical Evidence Pre-Dating the ALJ Hearing*

Plaintiff's treatment history as reflected in the record starts well after Plaintiff filed the instant application for social security benefits, and, accordingly, is very limited.  The medical record in fact starts with a consultative examination arranged by the Disability Determination Service Division, California Department of Social Services ("state agency").

The consultative examination was conducted on February 18, 2009, by an internist, Dr. Michael Wallack.  AR 173-177.  Plaintiff told Dr. Wallack that she had been in a car accident on August 14, 2007 and experienced pain in her neck and right ribs as well as "diffuse and intermittent" headaches on account of the accident, but there were no "focal or neurological symptoms associated with" the headaches.  AR 173-174.  Plaintiff also described intermittent discomfort in her feet, including some cramping and feeling cold, but was unaware of any injury to her feet; Dr. Wallack noted that he could not identify any "objective findings" with regard to Plaintiff's foot pain.  AR 173; 176.  Plaintiff named aspirin as her current medication, and has not ever had surgery.  AR 173-174.  Plaintiff stated that her daily activities included light cooking, minimal cleaning, and occasional driving.  AR 174.  After examining Plaintiff, Dr. Wallack opined that she did not require an assistive device and had no functional limitations of any kind. AR 176-177.  Dr. Wallack also noted that although Plaintiff came into the examination with a marked limp, there was "no anatomical basis" to "warrant the marked gait irregularity that she exhibits" and that she was later observed in the parking lot with a "more relaxed and continuous gait."  AR 174-176.

Next, on March 4, 2009, state agency reviewing physician Dr. H. Crowhurst, reviewed the medical record, and concluded that Plaintiff's "physical exam" at her consultative examination "was basically normal;" that her "musculoskeletal and neurologic exams" at her consultative examination "were completely normal;" that she had no limitations or restrictions; and that her physical impairments were non-severe. AR 179.

After the state agency initially denied Plaintiff's claim on March 5, 2009, Plaintiff went to Dr. Ashmead Ali on two occasions. On April 9, 2009, Plaintiff went to Dr. Ali for "chronic" headaches, neck pain, and rib pain, that she described as "10/10" since August 2007. AR 201. Dr. Ali opined that Plaintiff needed x-rays of her ribs and neck and a CT scan or MRI of her head; however, the record does not contain reports of such tests ordered by Dr. Ali or Dr. Ali's analysis thereof.[5] AR 201. On May 5, 2009, Plaintiff again presented to Dr. Ali with complaints of headache and bronchitis/pneumonia. AR 200. She was diagnosed with "bronchitis/COPD" and prescribed Vicodin and Lisinopril, among other medications. AR 200.

On April 28, 2009, Plaintiff presented at Tehachapi Hospital, Emergency Department, with flu-like symptoms. AR 187-233. Her chief complaint was cough and fever. AR 190. Plaintiff's physical examination revealed that her neck had a "normal inspection" and was "supple," and that her extremities were "non-tender" and had a normal range of motion. AR 188. Her treatment notes state that she was independent in her activities of daily living and "appear[ed] well." AR 190. She was diagnosed with bronchitis and headache, AR 192, and prescribed an antibiotic, Zithromax, among other medications. AR 194.

On August 11, 2009, state agency reviewing physician, Dr. E. Christian, reviewed the

---

[5] A CT scan of Plaintiff's head was performed on April 28, 2009, when Plaintiff went to Tehachapi Hospital with flu-like symptoms. The CT scan revealed that she had "[n]o acute intracranial abnormality;" that her "underlying brain is also entirely normal;" and that she had "chronic sinusitis on the left side only." AR 197. Frontal chest x-rays for Plaintiff were also taken at Tehachapi Hospital, when Plaintiff sought medical treatment there on April 28, 2009 and October 28, 2009. The findings of both sets of chest x-rays were basically normal. AR 197; 229.

medical record, including the records from Dr. Ashmead Ali and Tehachapi Hospital.  AR 202-203.  Dr. Christian affirmed Dr. Crowhurst's "prior assessment" that Plaintiff's impairments are "non-severe."  AR 202-203.

On October 28, 2009, Plaintiff presented at Tehachapi Hospital, Emergency Department, with injury to her left ribs from falling in her bathtub.  AR  228.  Plaintiff's pain was assessed to be "mild" and her physical and "neuro/psych" examinations revealed no problems.  AR 219.  A post-anterior (frontal) chest x-ray revealed "no fractures" and "[n]o destructive, lytic, sclerotic or expansile lesions within the left rib."  AR 229.  The x-ray report notes the presence of osteopenia (lower-than-normal bone mineral density), but concludes that Plaintiff had an "otherwise unremarkable left ribs and chest."  AR 229.  Plaintiff was diagnosed with a rib contusion, prescribed 30 tablets of Tylenol #3 (a pain medicine containing codeine) with no refills, and sent home with instructions that her rib injury would heal by itself in a few weeks.  AR 220; 225; 227.

**(ii)    *Medical Evidence Submitted After the ALJ Hearing: Dr. Ashmead Ali's Undated Medical Report***

After the ALJ conducted the hearing in Plaintiff's case on September 15, 2010, he left the record open for 30 days to allow Plaintiff's attorney to submit additional treatment records from Dr. Ali.  AR 59-60; 74.  Plaintiff subsequently sent in an undated document from Dr. Ali, evidently on October 15, 2010 (the new report from Dr. Ali is undated but bears a facsimile stamp of October 15, 2010).  AR  249-251.  At the hearing, the ALJ had specifically noted that Dr. Ali's opinions did not have objective support, in the form of, for example, test results and progress notes.  AR 73-74.  Plaintiff's attorney had responded that, "you know, they're documenting pain complaints; there isn't a lot of—it's—not too objective, but, you know, I'll update them and maybe he'll—hopefully he'll have done some objective testing."  AR 74.

In the undated report submitted to the ALJ after the hearing, Dr. Ali describes Plaintiff's subjective complaints as follows:

5

> Patient complains of chronic severe constant (10/10) aching pain in the anterior distal ribs bilaterally which becomes severely sharp and spastic on even the slightest twisting of the torso or bending or extension of the waist. She also complains of severe (10/10) constant pain in the lower back with radiation down both lateral and posterior legs and severe, constant pain (10/10) in the neck with radiation down both arms.

AR 249. The report references a cervical spine x-ray, a frontal chest x-ray, and a CT scan of the brain, all dated August 16, 2007. These x-rays and CT scan were taken in connection with Plaintiff's motor vehicle accident, which occurred on August 14, 2007.[6] AR 173. It also references a physical examination of Plaintiff's ribs, lumbar spine, and cervical spine. AR 249-250. Regarding her ribs, Dr. Ali noted tenderness to palpation, spasticity, and decreased range of motion to twisting at the waist and to bending due to expressed pain. AR 249. Regarding her lumbar spine, Dr. Ali noted tenderness to palpation, with decreased flexion and extension at the waist; severe spasticity to range of motion; and power in both legs at 4/5 strength in flexions and extensions. AR 250. Regarding her cervical spine, Dr. Ali noted moderate tenderness; decreased flexion, extension, and rotation; moderate spasticity; and power in both arms at 4+/5+ bilaterally. AR 250.

Finally, Dr. Ali assessed Plaintiff's functional limitations, concluding that she is permanently disabled and is unable to perform effectively even at a sedentary job. AR 250-251. More specifically, he found:

> As a result of patient's impairment, patient can sit, stand or walk for no more than twenty minutes at a time. Patient has to shift positions from standing or walking to reduce pain. In an average eight hour work day patient is unable to lift or carry effectively even less than five pounds. She has significant limitations in doing repetitive reading, handling, fingering or lifting. She needs a walker for standing and walking. Her condition interferes severely with the ability to keep the neck in a constant position and is unable to do a full time job that requires this activity. Patient is unable to stoop, push, pull, kneel and bend. She needs to avoid heights. She needs to avoid temperature extremes which can worsen her spinal pain. Due to patient's chronic intake of narcotics which causes drowsiness, and post-traumatic chronic headaches, she is unable to concentrate effectively at focused tasks.

---

[6] Plaintiff had an a subsequent CT scan of the brain performed on April 28, 2009, and frontal chest x-rays performed on April 28, 2009 and October 28, 2009. The findings of the CT scan of the brain and both sets of chest x-rays were basically normal. AR 197; 229.

AR 250-251. The report described above is undated, but Dr. Ali had also found Plaintiff to be permanently disabled on April 14, 2009, for purposes of a county general assistance program. AR 214-215.

### 3. Applicable Law

The opinions of treating physicians, examining physicians, and non-examining physicians are entitled to varying weight in disability determinations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Generally, the opinion of a treating physician is afforded the greatest weight. *Id*. An examining physician's opinion is, in turn, given more weight than the opinion of a non-examining physician. 20 C.F.R. § 404.1527(d)(2); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984).

A treating physician's opinion is not binding on an ALJ in determining the existence of an impairment or the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(2); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Nonetheless, where the treating physician's opinion is not contradicted by another doctor, the ALJ may dismiss it only for only for "clear and convincing reasons." *Magallanes*, 881 F.2d at 751; *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating doctor's opinion is contradicted by another doctor, the ALJ must give "specific and legitimate" reasons, supported by substantial evidence in the record, for discounting it.[7] *Lester*, 81 F.3d at 830; *see also Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In reducing the weight normally accorded to the opinion of a treating physician, the ALJ may rely on the contradictory opinion of an examining physician, as well as, in part, but not solely, on the contradictory opinion of a non-

---

[7] Similarly, the uncontradicted opinion of an examining physician may be rejected only for "clear and convincing" reasons, *Pitzer*, 908 F.2d at 506, and, if it is contradicted by another doctor, it can be rejected only on the basis of specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

7

examining physician.[8]  *Pitzer*, 908 F.2d at 506 n. 4; *Gallant*, 753 F.2d at 1456.

**4. Analysis**

### (a) The ALJ Properly Rejected Dr. Ali's Opinion

Plaintiff's argument is premised on Dr. Ali's undated report, which was submitted to the ALJ after the conclusion of the hearing Plaintiff's case, on or about October 15, 2010.  Doc. 17, Pltff.'s Op. Br., at 7-11.  Specifically, Plaintiff contends that the reasons given by the ALJ for rejecting Dr. Ali's undated report are legally insufficient; hence, the Court should credit Dr. Ali's opinion as true, reverse the Commissioner's decision, and award benefits to Plaintiff.  *Id.* at 11-12.  Here, as the ALJ noted, Dr. Ali's examination findings and functional assessments are contradicted by those of Dr. Wallack; and Dr. Wallack's findings and assessments were adopted by state agency reviewing physician, Dr. Crowhurst.  AR 42.  Therefore, the ALJ was required to give specific and legitimate reasons, supported by substantial evidence in the record as a whole, for rejecting Dr. Ali's opinion.

Contrary to Plaintiff's contention, the ALJ was very clear in his decision that he considered the undated report of Dr. Ashmead Ali, in which Dr. Ali finds Plaintiff completely and permanently disabled, as well as other records in which Dr. Ashmead Ali opines that Plaintiff is completely disabled, but found them to be unpersuasive in light of "the lack of significant treatment and benign examination results" that characterize the record as a whole.  AR 41.  *See, e.g.*, *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2003) (holding that ALJ may discredit a treating physician's opinion that is unsupported by objective medical findings, and that a medical opinion may be rejected where it is "unsupported by the record as a

---

[8] An ALJ can reject the opinion of a treating or examining physician, based in part on the testimony of a nonexamining medical advisor.  *See, e.g., Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989); *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).  In *Magallanes*, the Ninth Circuit explained that "the ALJ did not rely on [the nonexamining physician's] testimony alone to reject the opinions of Magallanes's treating physicians." *Magallanes*, 881 F.2d at 752.  Rather, the ALJ also relied on laboratory test results, reports from examining physicians, as well as the claimant's own testimony.  *Id*. at 751-52.

whole"). The ALJ specifically states that he has separately discussed the benign results of examinations conducted by other physicians that directly and emphatically contradict the findings and assessment of Dr. Ali. AR 41. Similarly, the ALJ states that he has separately discussed treatment records that do not reflect significant and ongoing treatment that would corroborate the existence of permanently disabling conditions. AR 41. The ALJ then goes on to address Plaintiff's treatment and examination history in detail, as he had indicated he would, thereby providing specific reasons for rejecting the opinion of Dr. Ashmead Ali.

First, the ALJ noted that Plaintiff presented to Dr. Ashmead Ali's clinic on April 9, 2009, with a complaint of rib and neck pain; Dr. Ali, however, made no findings at that time. AR 41. Next, the ALJ noted that Plaintiff returned to Dr. Ali for a follow-up visit on May 5, 2009, with complaints of headache and pneumonia and was prescribed Vicodin and Lisinopril. AR 41. The ALJ also documented Plaintiff's two visits to Tehachapi Hospital's Emergency Department, on April 9, 2009 and October 28, 2009, for, respectively, outpatient pneumonia infection with headache, and pain in the neck and ribs from a bathtub fall. AR 41. The ALJ properly reasoned that Plaintiff's treatment history was limited and not particularly severe, and did not support Dr. Ali's assessment of complete and permanent disability. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) ("We hold that the ALJ properly found that [the treating physician's] extensive conclusions regarding Connett's limitations are not supported by his own treatment notes. Nowhere do his notes indicate reasons why Connett would be limited to standing for only ten minutes or lifting only ten pounds, nor do they indicate that [the treating physician] ever recommended such limitations to Connett. The ALJ properly rejected this testimony in favor of the conflicting testimony of other examining physicians."). Here, the ALJ noted that Plaintiff's treatment history was limited to two visits to the Emergency Department at Tehachapi Hospital and two visits to Dr. Ashmead Ali, and did "not reflect substantial treatment or a long-term

problem." AR 41.

In rejecting Dr. Ali's opinion, the ALJ also properly relied on the contrary findings of Dr. Michael Wallack, the consultative examiner who was engaged by the state agency to examine Plaintiff and evaluate her functional limitations in light of her "negligible volume of medical treatment or examination history," and whose subsequent physical examination and functional assessment of Plaintiff contradicted Dr. Ali's findings and conclusions. AR 41. The ALJ specifically noted that although Plaintiff complained to Dr. Wallack of neck pain, bilateral foot pain, pain in the right ribs, and chronic headaches, "her physical examination was entirely normal in objective testing." AR 42. The ALJ noted that Dr. Wallack found "clear lungs; normal heart sounds; normal range of motion of upper and lower extremity joints and back; normal motor strength and muscle bulk and tone; negative straight leg testing; normal sensation and reflexes; normal gait; and no muscle spasms, scoliosis or kyphosis." AR 42; *also see Buckner-Larkin v. Astrue*, 450 Fed.Appx. 626, 628 (9th Cir. 2011) (the ALJ properly discounted the treating physician's opinion where it was inconsistent with other medical evidence and opinions).

The Court concludes that the ALJ did not err in giving no evidentiary weight to the opinion of Dr. Ali, a treating physician. The ALJ provided specific, legitimate reasons for disregarding Dr. Ali's opinion, and, moreover, his decision was supported by substantial evidence in the record. *See Batson*, 359 F.3d at 1195. Objective tests in the record, conducted well after the 2007 CT scan of the brain and the 2007 chest x-ray referenced by Dr. Ali, all yielded basically normal results. Specifically, Plaintiff had a CT scan of the brain performed on April 28, 2009, and frontal chest x-rays performed on April 28, 2009 and October 28, 2009. The findings of the CT scan of the brain and both sets of chest x-rays were basically normal and did not support Dr. Ali's finding of total and permanent disability. AR 197; 229. Similarly, a physical examination performed when Plaintiff presented at Tehachapi Hospital on April 28, 2009 also noted that her

neck was "normal" to inspection and "supple," and found no problems with the range of motion of her extremities.[9] AR 188. Treatment notes from her April 28, 2009 and October 28, 2009 visits to Tehachapi Hospital also document that Plaintiff was independent in her activities of daily living. AR 190; 222. Finally, the consultative examiner, Dr. Wallack found that Plaintiff had no functional limitations whatsoever, and his findings were adopted on review by state agency reviewing physicians, Drs. Crowhurst and Christian. AR 176-177; 179; 202-203; *also see Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985) (a consultative examiner's "independent clinical findings that differ from the findings of the treating physician" are substantial evidence); *Allen v. Heckler*, 740 F.2d 577, 579 (9th Cir. 1984) ("[T]o the extent that [the consultative examiner's] opinion rests on objective clinical tests, it must be viewed as substantial evidence that [the claimant] is no longer disabled."). The ALJ's findings are also supported by the fact that Plaintiff does not have a history of seeking and receiving treatment for the allegedly completely disabling conditions cited in Dr. Ali's medical report. *See Connett*, 340 F.3d at 875.

## CONCLUSION

The Court finds that the ALJ's decision is free of legal error and is supported by substantial evidence in the record as a whole. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Carolyn Colvin, the Acting Commissioner of Social Security, and against Plaintiff Sarah Hernandez.

IT IS SO ORDERED.

   Dated: __**March 6, 2014**__                __/s/ Gary S. Austin__
                                                               UNITED STATES MAGISTRATE JUDGE

---

[9] A physical examination was also conducted when Plaintiff subsequently presented to Tehachapi Hospital on October 28, 2009, with the following findings: "chest non-tender;" "no vertebral tenderness;" "decreased" but not "limited" range of motion in the neck; and "atraumatic" extremities. AR 219-220.